## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PEDRO BACOT**         *         **CIVIL ACTION**

**VERSUS**         *         **NO: 05-3752**

**BURL CAIN, WARDEN**         *         **SECTION: "D"(6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.

For the reasons set forth below, it is **HEREBY RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY[1]

On September 18, 1985, petitioner, Pedro Bacot, a prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged with the attempted first degree murder of New Orleans Police Officer Gus Bethea.  On April 14, 1986, a twelve-member jury found petitioner guilty as charged.  He was sentenced on April 24th as a second offender to serve 25 years incarceration at hard labor without the benefit of good time.  On July 17, 1987, pursuant to petitioner's appeal, the Louisiana Fourth Circuit Court of Appeal, in a per curiam opinion, affirmed his conviction and sentence.  *See State v. Bacot*, No. KA-7674, 509 So.2d 855 (La. App. 4 Cir. 1987) (unpublished opinion).[2]

On March 17, 1992, the Louisiana Fourth Circuit Court of Appeal, pursuant to *Lofton v. Whitley*,  905 F.2d 885 (5th Cir. 1990), granted petitioner "an out of time appeal".  *See State v. Bacot*, No. 92-K-0038 (La. App. 4 Cir. 1992) (unpublished opinion).[3]  On June 29, 1995, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction, but

---

[1]Portions of the procedural history are taken from the Louisiana Fourth Circuit Court of Appeal's June 29, 1995 opinion, *State v. Bacot*, 656 So.2d 310, No. 92-KA-1742 (La. App. 4 Cir. 1995) (unpublished opinion), a copy of which is contained in the State rec., vols. 2 and 4 of 7, along with the state appellate court's October 30, 2002 opinion, *State v. Bacot*, 829 So.2d 674, No. 2000-KA-2283 (La. App. 4 Cir. 2002) (unpublished opinion), a copy of which is contained in the State rec., vol. 6 of 7.

[2]A copy of the state appellate court's July 17, 1987 unpublished decision is contained in the State rec., vol. 1 of 7.

[3]A copy of the state appellate court's March 17, 1992 unpublished decision is contained in the State rec., vol. 2 of 7.

vacated his multiple offender adjudication and sentence and remanded the matter for resentencing. *See State v. Bacot*, 656 So.2d 310, No. 92-KA-1742 (La. App. 4 Cir. 1992) (unpublished opinion).[4] The resentencing hearing began on March 21, 1997, and on May 15, 1997, Orleans Parish Criminal District Court Judge Sharon Hunter again found petitioner to be a second felony offender and sentenced him to 25 years imprisonment with credit for time served. On appeal, petitioner argued that because the transcript of the March 21, 1997 hearing was lost, he was denied his right of appellate review of the hearing. The Louisiana Fourth Circuit Court of Appeal agreed and, on May 26, 1999, vacated petitioner's sentence and remanded the matter for resentencing. *See State v. Bacot*, 739 So.2d 1027, No. 98-KA-0506 (La. App. 4 Cir. 1999) (unpublished opinion).[5]

Pursuant to the state appellate court's remand, a multiple bill hearing was conducted on February 18, 2000, and on March 2, 2000, the criminal district court again sentenced petitioner, as a second felony offender, to 25 years incarceration with credit for time served. On November 20, 2000, petitioner appealed his March 2, 2000 sentencing.[6] On

---

[4]A copy of the state appellate court's June 29, 1995 unpublished opinion is contained in the State rec., vols. 2 and 4 of 7.

[5]A copy of the state appellate court's May 26, 1999 unpublished opinion is contained in the State rec., vol. 6 of 7.

[6]A copy of petitioner's writ application to the Louisiana Fourth Circuit in case number 2000-KA-2283, is contained in the State rec., vol. 6 of 7.

3

July 11, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's sentence.[7] Petitioner, on or about August 3, 2001, sought relief from the Louisiana Supreme Court in connection with the appellate court's July 11, 2001 adverse decision,[8] and, on August 30, 2002, the Louisiana Supreme Court remanded the matter. *See State v. Bacot*, 823 So.2d 932 (La. 2002).

Pursuant to the Louisiana Supreme Court's remand, the Louisiana Fourth Circuit Court of Appeal again considered the matter and, on October 30, 2002, again affirmed petitioner's sentence. *See State v. Bacot*, 829 So.2d 674, No. 2000-KA-2283 (La. App. 4 Cir. 2002) (unpublished opinion).[9]   On April 4, 2003, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his 25-year sentence final. *State v. Bacot*, 840 So.2d 1212 (La. 2003).

On March 5, 2004, petitioner filed an application for post-conviction relief with the state district court.[10]  On April 22, 2004, the state district court denied petitioner's post-

---

[7]*See State v. Bacot*, 797 So.2d 192, No. 2000-KA-2283 (La. App. 4 Cir. 2001) (unpublished opinion).  A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 6 of 7.

[8]A copy of petitioner's writ application to the state supreme court is contained in the State rec., vol. 6 of 7.

[9]A copy of the state appellate court's October 30, 2002 decision, under the same number, 2000-KA-2283, as its July 11, 2001 decision, is contained in the State rec., vol. 6 of 7.

[10]A copy of petitioner's post-conviction application is contained in the State rec., vol. 7 of 7. This March 5, 2004 filing date, along with the filing dates of petitioner's other state court pleadings, was ascertained via the court's use of the "mailbox rule".  In *Causey v. Cain*, 450 F.3d 601, 604-607 (5th Cir. 2006), the Fifth Circuit, based chiefly upon its finding that "the Louisiana

conviction application.[11]  On May 5, 2004, petitioner sought relief from the Louisiana Fourth

Circuit Court of Appeal.[12]  On June 17, 2004, the Louisiana Fourth Circuit Court of Appeal

denied petitioner's writ application, then denied reconsideration on June 21, 2004.[13]  On July

14, 2004, petitioner filed a writ application with the Louisiana Supreme Court.[14]  The state

high court denied petitioner's writ application on May 13, 2005.  *See State v. Bacot*, 902

So.2d 1011 (La. 2005).

---

Supreme Court has applied the prison mailbox rule with unfailing consistency as a matter of
state law", decreed that the mailbox rule be employed in ascertaining the filing date of a
prisoner's Louisiana state court pleadings in the context of determining the timeliness of his
federal habeas corpus application.  Under the "mailbox rule", a pleading filed by a prisoner
acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison
officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d
377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date
he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D.
La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for
delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4
n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same);
*Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner
delivered habeas petition to prison officials for mailing on date he signed petition).

[11]A copy of the state district court's "Judgment and Order on Pro Se Application for Post
Conviction Relief" is contained in the State rec., vol. 7 of 7.

[12]A copy of petitioner's writ application to the state appellate court is contained in the State rec.,
vol. 7 of 7.

[13]*See State v. Bacot*, No. 2004-K-0775 (La. App. 4 Cir. 2004) (unpublished opinion).  The
Louisiana Fourth Circuit Court of Appeal originally denied petitioner post-conviction relief on June
17, 2004.  Four days later, on June 21, 2004, the state appellate court recalled its June 17, 2004 "writ
disposition", but on reconsideration, again denied petitioner relief.  Copies of both decisions are
contained in the State rec., vol. 7 of 7.

[14]A copy of petitioner's writ application to the state supreme court is contained in the State rec.,
vol. 7 of 7.

Petitioner signed and filed the instant action for federal habeas relief on June 27, 2005.[15]  In its response, the State argues that petitioner's habeas application should be dismissed as time-barred.  For the following reasons, this court agrees.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[16]     *See* 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence on July 17, 1987. Under Louisiana Supreme Court Rule X, Section 5, petitioner had 30 days within which to seek relief from the state high court in connection with the appellate court's adverse decision. Petitioner, however, failed to file a writ application with the Louisiana Supreme Court. Accordingly, his conviction and sentence were rendered final on or about August 17, 1987.

Based upon the above, petitioner, generally, would have had a year from August 17, 1987, or until August 17, 1988, to timely seek federal habeas corpus relief.  However, the United States Fifth Circuit has held that for a prisoner such as Bacot, whose conviction

---

[15]*See* Federal rec., doc. no. 1.  This June 27, 2005 filing date was ascertained via the court's use of the "mailbox rule."  *See* discussion *supra* at n. 10.

[16]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

became final prior to the AEDPA's effective date of April 24, 1996, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction habeas challenge.  *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998).  Thus, petitioner had until April 24, 1997, to timely seek federal habeas corpus relief.

As stated earlier, petitioner did not file the instant action until June 27, 2005. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, petitioner had a collateral review proceeding pending in the state court system from March 17, 1992, when the Louisiana Fourth Circuit Court of Appeal granted him an "out of time appeal", *see State v. Bacot*, No. 92-K-0038, until April 4, 2003, when the Louisiana Supreme Court denied his writ application.  *See State v. Bacot*, 840 So.2d 1212 (La. 2003).[17]  Accordingly, prescription was suspended during this period of time. However, on April 5, 2003, the AEDPA's twelve-month prescriptive period commenced to

---

[17]It is well-established that when an "out of time appeal" is granted, the proceeding which ensues is considered to be a collateral review proceeding, rather than a direct review proceeding.  *See Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004); *Soileau v. Cain*, 2005 WL 1629945, *3-4 (W.D. La. 2005).

run.[18]  Prescription was not interrupted until eleven months later, on March 5, 2004,  when petitioner filed an application for post-conviction relief with the state district court.

The above-referenced post-conviction proceeding remained pending within the state court system, and continued to interrupt prescription, until May 13, 2005, when the Louisiana Supreme Court denied petitioner's writ application.  *See State v. Bacot*, 902 So.2d 1011 (La. 2005).  At that point, petitioner had approximately 30 days of his 365-day prescriptive period remaining.  Petitioner, however, waited 45 days, until June 27, 2005, before filing the instant federal habeas corpus petition.  Thus, the instant action is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001) (*quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  The evidence must show that the applicant, though deterred by matters

---

[18]Because the matter pending within the state court system was a collateral review proceeding, rather than a direct review proceeding, the general 90-day interruption of prescription associated with the time a defendant has to file a writ of certiorari with the United States Supreme Court, *see Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000), is not applicable.

outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Clearly, in the instant matter, petitioner cannot properly be categorized as diligent in his pursuit of relief, having waited eleven months, after his conviction and sentence were finally rendered final, before filing a state post-conviction application.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Pedro Bacot, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___9th___ day of _____February_____, 2007.


_____
LOUIS MOORE, JR.
United States Magistrate Judge

9